**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo VARGAS–PEREZ,**
**Defendant–Appellant.**

**No. 13–10550.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 2014.*

Filed June 27, 2014.

Anthony William Church, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Kathleen Erin Brody, Osborn Maledon, P.A., Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Eduardo Vargas–Perez appeals from the district court's order revoking supervised release and challenges the imposition of two conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vargas–Perez contends that the district court erred by imposing two standard conditions of supervised release requiring that Vargas–Perez "not frequent places where controlled substances are illegally sold, used, distributed, or administered," and "not associate with any persons engaged in criminal activity [or] with any person convicted of a felony." He argues that the conditions violate 18 U.S.C. § 3583 and due process because they lack an explicit mens rea requirement. We review for plain error, *see United States v. Vega*, 545 F.3d 743, 747 (9th Cir.2008), and find none. Vargas–Perez's challenge fails because prohibited criminal acts are presumed to require an element of mens rea. *See id.* at 750 (upholding a nonassociation condition after construing it to require knowing association with the prohibited group); *see also United States v. Phillips*, 704 F.3d 754, 768 (9th Cir.2012) (supervised release condition restricting a defendant from frequenting places where illegal drugs are used or sold does not violate due process because a reasonable person would understand that the condition prohibits knowingly going to a place where drugs are illegally used or sold).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.